UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
KEITH HAWKINS,                                  :
                                                :
                                                :
                      Plaintiff,                :           **ORDER**
        – against –                             :
                                                :           23 Civ. 6583 (EK) (VMS)
SYNCHRONY BANK                                  :
and NATIONAL FLOORS DIRECT,                     :
                                                :
                      Defendants.               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**Vera M. Scanlon, United States Magistrate Judge:**

Before the Court is Defendant Synchrony Bank's ("Synchrony") motion for a more definite statement, and Defendant National Floors Direct's ("NFD") motion to compel arbitration and, in the alternative, motion for a more definite statement. For the reasons stated below, NFD's motion to compel arbitration is granted; this action is stayed pending arbitration; and Synchrony's motion for a more definite statement is granted, but the Order is stayed until fourteen days after the arbitral award is issued.

**I.      BACKGROUND**

On December 4, 2022, pro se Plaintiff Keith Hawkins ("Plaintiff") signed a contract with NFD to install floors in his home. See Declaration of Zachary Rosenberg ("Rosenberg Decl.") ¶ 3, ECF No. 11-1; NFD's Ex. A at 1, ECF No. 11-2. Plaintiff purportedly took out a $10,000 loan with Synchrony to finance this flooring installation. See Notice of Removal ¶ 2, ECF No. 1. This contract contained an arbitration clause, in which the signatories agreed that

> any and all disputes, claims or controversies (hereafter referred to as a "Claim") arising out of or relating to this Agreement and any related documents, loans, security instruments, accounts or notes, including by way of example and not as a limitation: (i) the relationships resulting from this Agreement and the transactions arising as a result thereof; (ii) the terms of this Agreement; or (iii) the validity of

1

> this Agreement or the validity or enforceability of this arbitration agreement, shall be subject to final and binding Arbitration.

NFD's Ex. A at 9.  The contract also contained a provision in bold typeface, directly above the arbitration clause, which said, "**\*\*\*Please Read the Following Clause Carefully – It May Significantly Affect Your Legal Rights, Including Your Right to File a Lawsuit in Court\*\*\***." Id. (emphasis in original).  Plaintiff placed his signature next to this provision and on the corner of each page of the contract.  See generally id.

Little over seven months later, Plaintiff filed an action in Queens County Civil Court against Synchrony and NFD (collectively, "Defendants"), alleging "**Failure to provide proper services; Other; Failure to provide proper credit disclosures for $10,000.00 with interest from 12/04/2022**."  Compl., ECF No. 1-1 (emphasis in original).  Synchrony removed this action to the United States District Court for the Eastern District of New York, construing Plaintiff's allegation of "failure to provide proper credit disclosures" as an alleged violation of the Truth in Lending Act, 15 U.S.C. §§ 1601 et seq.  See Notice of Removal ¶ 3, ECF No. 1.

Synchrony filed a motion for a more definite statement, pursuant to Federal Rule of Civil Procedure ("Rule") 12(e).  See ECF No. 3.  The District Court terminated Synchrony's motion, as Synchrony had not requested a pre-motion conference prior to filing its motion as required by the District Judge's Individual Rules.  Synchrony then requested a pre-motion conference.  See ECF No. 7.  NFD also requested a pre-motion conference, seeking to file a motion to compel arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 et seq., or a motion for a more definite statement in the alternative.  See ECF No. 9.  The District Court then set a briefing schedule for Defendants' motions.  See 5/24/2024 Order.  Defendants filed separate motions, with separate supporting papers.  See ECF Nos. 11-12.  The District Judge referred Defendants' motions to the undersigned.  See 11/20/2024 Order.

Plaintiff did not file a response to either Synchrony's motion or NFD's motion. Plaintiff filed a letter asking the Court to "return this matter to small claims as the damages sought is just 10,000 dollars and the lower court proceeding somewhat levels the playing field." ECF No. 13 at 1. The District Court construed Plaintiff's letter as a motion to remand to state court and denied the motion without prejudice on February 5, 2025. See 2/5/2025 Order.

## II.   DISCUSSION

As a preliminary matter, Plaintiff appeared on the docket for this action when he filed his letter and asked the Court to return this action to Small Claims Court. See ECF No. 13. This letter does not mention either of Defendants' motions, even though the District Court gave Plaintiff a date to file opposition papers to both motions. See id.; 5/24/2024 Order. The Court will therefore consider Defendants' motions to be unopposed.

The Court will first review NFD's motion to compel arbitration, followed by both Defendants' motions for a more definite statement.

### A.   NFD's Motion To Compel Arbitration

In its motion, NFD asks the Court to compel Plaintiff to arbitrate "his claim in accordance with his binding arbitration agreement[,]" and to "dismiss[] this action in favor of arbitration[.]" NFD's Notice Mot. at 1, ECF No. 11. For the reasons stated below, the Court agrees that Plaintiff must arbitrate his claims with NFD, but finds that a stay, rather than a dismissal, is appropriate.

#### 1.   Legal Standard

The FAA "requires a federal court to enforce arbitration agreements and to stay litigation that contravenes them." Burns v. New York Life Ins. Co., 202 F.3d 616, 620 (2d Cir. 2000) (citing 9 U.S.C. §§ 2 & 3). The FAA codifies a "liberal federal policy favoring arbitration

3

agreements, and places arbitration agreements on the same footing as other contracts[.]" Meyer v. Uber Technologies, Inc., 868 F.3d 66, 73 (2d Cir. 2017) (internal citations & quotation marks omitted). When reviewing a motion to compel arbitration, "a court must first decide whether the parties agreed to arbitrate." Zachman v. Hudson Valley Fed. Credit Union, 49 F.4th 95, 101 (2d Cir. 2022). The moving party "bears an initial burden of demonstrating that an agreement to arbitrate was made." Barrows v. Brinker Restaurant Corp., 36 F.4th 45, 50 (2d Cir. 2022) (quoting Hines v. Overstock.com, Inc., 380 F. App'x 22, 24 (2d Cir. 2010) (summary order)). If the moving party is successful, the burden shifts to the non-moving party to provide evidence that an agreement was not made. See id. (citations omitted). If the court finds that an arbitration agreement exists, it must then review "(1) the scope of the agreement to arbitrate; (2) whether Congress intended any federal statutory claims asserted to be non-arbitrable; and (3) if some, but not all, of the claims in the case are arbitrable, whether to stay the balance of the proceedings pending arbitration." Zachman, 49 F.4th at 101. Arbitration agreements covering claims under the Truth in Lending Act are enforceable. See, e.g., Green Tree Fin. Corp.-Alabama v. Randolph, 531 U.S. 79, 83, 91-92 (2000).

An arbitration clause in a signed contract will generally lead to a requirement for the signatories to arbitrate. If an arbitration clause is present in a contract, courts look to "generally accepted principles of contract law" to determine whether the arbitration clause binds the parties. Gold v. Deutsche Aktiengesellschaft, 365 F.3d 144, 149 (2d Cir. 2004) (collecting cases) (noting that a signatory to a written contract "is conclusively presumed to know its contents and to assent to them" (citations & quotation omitted)). If the contract bears the parties' electronic signatures, then a court may find that a valid agreement to arbitrate exists. See Barrows, 36 F.4th at 50; Fadlelseed v. ABM Aviation JFK, No. 23 Civ. 4559 (LDH) (LKE), 2024 WL 4344790, at *6, *8

4

(E.D.N.Y. Sept. 30, 2024).  Questions over the whether a dispute falls within scope of an arbitration agreement "should be resolved in favor of arbitration."  DDK Hotels, LLC v. Williams-Sonoma, Inc., 6 F.4th 308, 317 (2d Cir. 2021) (quoting First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 945 (1995)).  Courts take provisions requiring arbitration of "any dispute" or "all disputes" literally.  See id. at 318-19; American E Group LLC v. Livewire Ergogenics Inc., 432 F. Supp. 3d 390, 398-99 (S.D.N.Y. 2020).  Nevertheless, courts "may not sua sponte compel arbitration on grounds not presented to them[.]"  Lakah v. UBS AG, No. 07 Civ. 2799 (LAP), 2024 WL 4555701, at *6 (S.D.N.Y. Oct. 22, 2024); see Amiron Dev. Corp. v. Sytner, No. 12 Civ. 3036 (JS) (ETB), 2013 WL 1332725, at *3 (E.D.N.Y. Mar. 29, 2013) (declining to "address[] the applicability" of an arbitration provision "absent a formal motion to compel").

If a court determines that arbitration is compulsory as to at least some issues in an action, its next steps depend on the positions of the parties.  If a party requests a stay pending arbitration, then a stay of the case is required.  See Smith v. Spizzirri, 601 U.S. 472, 478 (2024).  If neither party requests a stay, courts maintain discretion to manage the docket as they see fit.  See Katz v. Kellco P'ship, 794 F.3d 341, 346 (2d Cir. 2015) (observing that absent a "statutory mandate" stating otherwise, "district courts . . . enjoy an inherent authority to manage their dockets").  For example, if neither party has requested a stay, but all claims in an action are subject to arbitration, a court may dismiss the action.  See Benzemann v. Citibank N.A., 622 F. App'x 16, 18 (2d Cir. 2015) (summary order); Acevedo v. Harvard Maint. Co., No. 20 Civ. 721 (AJN), 2021 WL 1224898, at *9 (S.D.N.Y. Mar. 31, 2021).  Nonetheless, courts in the Second Circuit "regularly stay, rather than dismiss, complaints subject to an arbitration agreement," even when one party requests dismissal.  Puig v. City of New York, 733 F. Supp. 3d 218, 224 (S.D.N.Y. 2024) (quoting Chung v. 335 Madison Avenue LLC, No. 21 Civ. 3861 (LJL), 2021 WL

4710483, at *4 (S.D.N.Y. Oct. 7, 2021)). A stay of litigation proceedings, rather than dismissal, "allows the parties to proceed directly to arbitration without the uncertainties and expenses of additional litigation that may accompany an appealable dismissal." Chung, 2021 WL 4710483, at *4.

It is similarly up to the court's discretion to stay some, but not all, of the proceedings in a case if some, but not all, issues are arbitrable. See Katsoris v. WME IMG, LLC, 237 F. Supp. 3d 92, 110 (S.D.N.Y. 2017). In exercising discretion, courts look to factors such as the "desirability of avoiding piecemeal litigation and the degree to which the cases necessitate duplication of discovery or issue resolution." Fasano v. Li, No. 16 Civ. 8759 (KPF), 2023 WL 6292579, at *14 (S.D.N.Y. Sept. 27, 2023) (citations & quotations omitted). "A discretionary stay is particularly appropriate when there is significant factual overlap between the remaining claims and the arbitrated claims." Katsoris, 237 F. Supp. 3d at 110-11 (quoting Winter Inv.'s, LLC v. Panzer, No. 14 Civ. 6852 (KPF), 2015 WL 5052563, at *11 (S.D.N.Y. Aug. 27, 2015)). In such cases, proceeding with litigation against the remaining defendants "would invariably implicate issues common to the claims against the [arbitrating] defendants and affect those defendants' interests." Yost v. Everyrealm, Inc., No. 22 Civ. 6549 (PAE), 2023 WL 2859160, at *12 (S.D.N.Y. Apr. 10, 2023).

    2.    **Application**

        a.    **Plaintiff And NFD Must Arbitrate Plaintiff's Claims**

First, the Court finds that a valid arbitration agreement exists between Plaintiff and NFD. In its motion papers, NFD submitted a contract, signed by Plaintiff, with an arbitration clause. See NFD's Ex. A. This contract clearly states, in bold typeface, that the arbitration clause "[m]ay [s]ignificantly" affect Plaintiff's rights to file a claim in court. Id. at 9. Plaintiff's

6

electronic signature appears on each page of this contract and immediately next to the arbitration clause. See generally id. Plaintiff does not deny that the electronic signature on the contract is his signature, nor does he argue that contract may be unconscionable or otherwise unenforceable. For these reasons, the Court finds that Plaintiff willingly signed and agreed to the terms in the December 4, 2022, contract with NFD, and that he agreed arbitrate his claims with NFD.

Plaintiff's claims are within the scope of his arbitration agreement with NFD. The arbitration clause in the December 4, 2022, contract with NFD covers "any and all disputes . . . arising out of or relating to this [a]greement and any related documents, loans, security instruments, accounts or notes[.]" Id. at 9. Plaintiff does not identify any exception to this clause, or any reason to not take "any and all disputes" for its full breadth. See American E Group, 432 F. Supp. 3d at 399 ("The meaning of these provisions is clear. All disputes are subject to arbitration."). There is also no statutory prohibition against arbitration under the Truth in Lending Act, under which Plaintiff's claims are brought. See Green Tree Fin. Corp., 531 U.S. at 83, 91-92. Plaintiff's claims against NFD are subject to arbitration. NFD and Plaintiff are to commence the arbitration proceedings within 60 days of this Order.

### b. The Court Stays This Action Pending The Conclusion Of The Arbitration

The Court's remaining inquiry is whether it will stay Plaintiff's claims against either NFD or Synchrony pending arbitration. None of the parties has requested a stay in this case, although NFD asked the Court to dismiss Plaintiff's claims against NFD in its motion. See NFD's Mem. L. at 1, 3-4, ECF No. 11-3. Given that all of Plaintiff's claims against NFD are subject to arbitration, the Court has discretion to either order a stay or recommend dismissal for Plaintiff's claims against NFD. See Benzemann, 622 F. App'x at 18 (finding that the district court properly dismissed the plaintiff's claims in an order compelling arbitration, as neither party

7

requested a stay); Puig, 733 F. Supp. 3d at 219, 224-25 (declining to recommend dismissal of an action and ordering that the action be stayed pending arbitration instead); Acevedo, 2021 WL 1224898, at *9 (dismissing a claim that "must be arbitrated" because "no useful purpose will be served by granting a stay" of that claim (quotation omitted)).  The Court also has discretion to stay the action, including Plaintiff's claims against Synchrony, pending the arbitration with NFD.  See Katsoris, 237 F. Supp. 3d at 110-11 (staying an action pending arbitration of the plaintiffs' claims against some defendants because "[t]here is significant factual overlap between [the plaintiffs'] claims against [the arbitrating defendants] and those against [the other defendant]").

      As to Plaintiff's claims against NFD, the Court finds that a stay, rather than dismissal, is most appropriate.  By staying this action, Plaintiff and NFD can proceed directly to arbitration of Plaintiff's claims, without the uncertainty of whether Plaintiff or any other party would object to a recommendation of dismissal, or appeal of dismissal, of this case.  Given Plaintiff's pro se status in this action and stated unfamiliarity with legal procedures, see ECF No. 13 at 1, dismissing this action may impose additional burdens on Plaintiff, in which he would have to navigate more unfamiliar processes to ensure that he did not inadvertently waive his legal rights.  NFD has not shown that it would suffer any prejudice or other disadvantage with a stay, rather than a dismissal, of this action.  The Court stays Plaintiff's claims against NFD until the issuance of the arbitral award, rather than recommending dismissal.

      The Court finds it most appropriate to stay this entire action, including Plaintiff's claims against Synchrony, until the issuance of the arbitral award.  All of Plaintiff's claims purportedly arose out of the same series of transactions – the contract to install flooring in Plaintiff's home

and a bank loan to finance the flooring installation.[1]  The same facts may be at issue in both the litigation and the arbitration.  If Plaintiff were to litigate his claims against Synchrony and concurrently arbitrate his claims against NFD, there is a risk of duplicative proceedings and inconsistent results.  It is also possible that certain findings in the arbitration may affect the facts that may be offered in the litigation of the claims against Synchrony.  A stay of all proceedings, therefore, best serves the interests of all parties in this action, and it is consistent with Plaintiff's pre-existing contractual obligations.

### B. Defendants' Motions For A More Definite Statement

As part of its motion to compel arbitration, NFD moves for a more definite statement in the alternative.  See NFD's Mem. L. at 3.  Synchrony moves for a more definite statement in a separate filing.  See Synchrony's Mem. L., ECF No. 12.  Both Defendants argue that Plaintiff's complaint is so ambiguous that neither NFD nor Synchrony can prepare a responsive pleading.  See id. at 2; NFD's Mem. L. at 3.  Because both Synchrony and NFD request the same relief from the same party, the Court will consider their motions for a more definite statement together.

Rule 12(e) permits a party to move for a more definite statement if "a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that a party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  In general, motions for a more definite statement "are disfavored and should not be granted 'unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in

---

[1] The December 4, 2022, contract may subject Plaintiff's claims against Synchrony to arbitration, if Plaintiff's claims against Synchrony were based on a loan arising out of the contract.  See NFD's Ex. A at 9 (subjecting "any and all disputes . . . arising out of or relating to this Agreement and any related documents, loans, security instruments, accounts or notes" to arbitration (emphasis added)).  Because Synchrony did not join NFD's motion to compel arbitration, the Court will not sua sponte compel arbitration between Plaintiff and Synchrony.  See Lakah, 2024 WL 4555701, at *6.

9

attempting to answer it." Greater New York Auto Dealers Ass'n v. Env't Sys. Testing, Inc., 211 F.R.D. 71, 76 (E.D.N.Y. 2002) (quoting Bower v. Weisman, 639 F. Supp. 532, 538 (S.D.N.Y. 1986)).  Whether to grant a motion for a more definite statement is "within the discretion of the district court." Rodriguez v. Chex Sys., Inc., 730 F. Supp. 3d 36, 39 (W.D.N.Y. 2024).

In exercising this discretion, a court may grant a motion for a more definite statement when "neither the [c]ourt nor [the defendants] can reasonably discern what [the plaintiff's] claims are or whom they are against." Phipps v. City of New York, No. 17 Civ. 6603 (ALC), 2019 WL 4274210, at *3 (S.D.N.Y. Sept. 10, 2019); see Glenn v. Kelly Servs., Inc., No. 3:24 Civ. 0894 (VAB), 2025 WL 357826, at *4 (D. Conn. Jan. 31, 2025) (granting a motion for a more definite statement in part because the plaintiff "does not identify the particular [d]efendant or [d]efendants against which each claim is alleged"); Wis. Province of Soc'y of Jesus v. Cassem, No. 3:17 Civ. 1477 (VLB), 2018 WL 9801769, at *3 (D. Conn. May 24, 2018) (granting a motion for a more definite statement as to two claims because "the paragraphs alluding to [those two claims] do not mention any of the [d]efendants, and [the causes of action] do not list specific [d]efendants against whom those claims are alleged").  Even with a court's requirement to liberally construe pro se pleadings, a motion for a more definite statement may be granted when the pleading "does not clearly indicate what [f]ederal claims are being raised, even when liberally construed." Garcia v. Wolcott, 735 F. Supp. 3d 269, 271 (W.D.N.Y. 2024).

The Court agrees with Defendants that the complaint is very difficult to understand and lacks the minimal level of clarity required by the Federal Rules of Civil Procedure.  The Court cannot determine, based on the complaint, which services are allegedly defective, the meaning of "Other[,]"which claims are filed against which defendants and which laws Defendants have allegedly violated.  See Compl.  Plaintiff is ordered to file a more definite statement of his claims

10

against the parties, with each claim clearly stated against each Defendant and with the legal basis for each claim clearly stated. Given the stay issued pending the arbitration, this Order to serve and file the more definite statement is also stayed. The stay will be lifted with the issuance of the arbitral award. Within fourteen days of the issuance of the arbitral award, Plaintiff must serve and file the more definite statement.

In addition, within ten days of the issuance of the arbitral award, Defendants must file a joint update on the arbitration.

### III. CONCLUSION

For the reasons stated above, NFD's motion to compel arbitration is granted and NFD and Plaintiff must commence arbitration proceedings within 60 days of this Order. This case is stayed until the arbitral award is issued. Synchrony's motion for a more definite statement is granted but is also subject to the stay. Defendants must file a status letter within ten days of receiving the arbitrator's award, informing the Court as to the arbitration's outcome. Within fourteen days of the issuance of the arbitral award, Plaintiff must serve and file a more definite statement that complies with this Order.

The Court will mail a copy of this Order to Plaintiff at 103-37 219th Street, Queens Village, New York 11429.

Dated: Brooklyn, New York
March 24, 2025

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge